Rafael Ramirez–Amaya, pro se.

**Rafael RAMIREZ–AMAYA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 93 Civ. 3020 (JMC).

United States District Court, S.D. New York.

Jan. 12, 1994.

### MEMORANDUM AND ORDER

CANNELLA, District Judge.

Petitioner's application for a writ of habeas corpus is denied. 28 U.S.C. § 2255 (1988).

### BACKGROUND

Petitioner Rafael Ramirez–Amaya brings this application for a writ of habeas corpus seeking an order of this Court reducing his sentence. This Court sentenced the petitioner in 1986 to a 20–year prison term and a $1 million dollar fine following his conviction in a jury trial for four separate drug-trafficking offenses. Petitioner now brings his fourth claim for collateral relief asserting that the sentencing statute in effect when he was sentenced provided only for a maximum sentence of 15 years and a $25,000 fine. The

Court disagrees. Accordingly, petitioner's application is denied.

The circumstances attending petitioner's application are described below. On June 30, 1986, after a jury trial, petitioner was convicted of the following offenses: (1) one count of conspiracy to import 510 kilograms of cocaine into the United States in violation of 21 U.S.C. § 963; (2) one count of importing 510 kilograms of cocaine into the United States in violation of 21 U.S.C. §§ 812, 952, and 960; (3) one count of conspiracy to distribute 510 kilograms of cocaine in violation of 21 U.S.C. § 846; and (4) one count of attempting to possess 510 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. §§ 812, 841, and 846.

On October 21, 1986, this Court sentenced petitioner to concurrent 20–year prison terms on each count of conviction, a fine of $250,000 on each count (for a total fine of $1,000,000), and a lifetime term of special parole (subject to the condition that if the defendant were deported from the United States, his parole would be unsupervised). In addition, this Court imposed upon petitioner a special assessment of $50 on each count. Petitioner's conviction and sentence were affirmed by the Second Circuit Court of Appeals on March 2, 1987. *See United States v. Ramirez–Amaya,* 812 F.2d 813 (2d Cir.1987).

On three separate occasions prior to the instant application, petitioner has brought claims for collateral relief seeking to reduce his prison term or his fine. His motions to reduce his sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, and to amend his sentence pursuant to 18 U.S.C. § 4205(b)(2), were denied on August 13, 1987. *See* Order, 86 Cr. 279 (JMC) (S.D.N.Y. Aug. 13, 1987). His motion to vacate his sentence under 28 U.S.C. § 2255 was denied on February 20, 1991. *See* Memorandum and Order, 90 Civ. 2571 (JMC) (S.D.N.Y. Feb. 20, 1991). Most recently, petitioner's motion to reduce his fine under 18 U.S.C. § 3573 was denied on July 29, 1993. *See* Memorandum and Order, 90 Civ. 2571 (JMC) (S.D.N.Y. July 29, 1993).

Turning to the instant application, petitioner now claims that he was sentenced under a federal statute that had not yet gone into effect. He further asserts that he should not be receiving concurrent sentences and fines because his convictions, he claims, encompassed lesser-included offenses. Petitioner requests a reduction to both his prison term and his fine in accordance with the penalties prescribed under prior-existing law. This translates to a requested reduction in petitioner's maximum prison term from 20 years to 15 years, and in his fine from $1,000,000 to $25,000. An Assistant United States Attorney for the Southern District of New York has filed a responsive memorandum opposing petitioner's motion.

### DISCUSSION

█ Petitioner's claim for collateral relief centers around the effective date of those provisions of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 1984 U.S.C.C.A.N. (98 Stat.) 1837 [hereinafter "the Act"] that amended the penalty provisions of 21 U.S.C. § 960(b)—the statute under which petitioner was sentenced. Enacted by Congress on October 12, 1984, the Act contains several chapters and addressed such matters as controlled-substance penalties (within chapter V, sections 501 to 524) and sentencing reform (within chapter II, sections 211 to 239).

Among other things, chapter V enacted new penalty provisions for violations of 21 U.S.C. § 960(a), the law under which petitioner was sentenced. For violations involving greater than one kilogram of any narcotic drug listed in schedules one or two of 21 U.S.C. § 812 (cocaine is among the drugs so listed), the penalty provisions of § 960(b) were enhanced to provide for a maximum prison term of 20 years, and a maximum fine of $250,000. These provisions went into effect immediately. *See* 1984 U.S.C.C.A.N. (98 Stat.) at 2068–69 (no delay provision regarding effective date); 21 U.S.C.A. § 960(b)(1) (West Supp.1993) (notes regarding 1984 and 1986 amendments to 21 U.S.C. § 960); *see also United States v. DiTommaso,* 817 F.2d 201, 214 (2d Cir.1987) (Defendant was subjected to the maximum term of 20 years' imprisonment under 21 U.S.C. § 960 where the jury found that defendant had engaged in

proscribed conduct during the period from October 12, 1984—the statute's date of enactment—through the day of his arrest in March 1985.).[1]

Directing the Court's attention to chapter II of the Act, sections 211 to 239, petitioner contends that the Act's effective date was delayed and that, therefore, the enhanced penalty provisions under which he was sentenced were without legal effect. While it is true that section 235(a)(1), 1984 U.S.C.C.A.N. (98 Stat.) at 2031–32, generally delayed chapter II's effective date until November 1, 1986,[2] this delay has no impact on the particular sentence imposed upon the petitioner. Only one section of chapter II—section 225—had any bearing on 21 U.S.C. § 960(b). *See* 1984 U.S.C.C.A.N. (98 Stat.) at 2030. Section 225's effect upon § 960(b), however, was limited to repealing prior statutory provisions relating to a special parole term.[3] *See* 21 U.S.C.A. § 960(b) (West Supp.1993) (notes regarding 1984 amendment to 21 U.S.C. § 960) ("Subsec[tion] (b)(2). Pub.L. 98–473, § 225(a)(1) struck out provisions relating to a sentence under this par[agraph] providing for imprisonment imposing a special parole term."; "Subsec[tion] (b)(3). Pub.L. 98–473, § 225(a)(2), struck out provisions relating to a sentence under this par[agraph] providing for imprisonment imposing a special parole term."). Thus, petitioner's argument that the enhanced penalties to which he was sentenced lacked legal effect is misplaced.

In addition, the Court rejects petitioner's contention that the Court should not have aggregated four separate fines of $250,-000 for a total fine of $1,000,000. Because

"[n]one of the offenses [for] which [petitioner] was convicted was minor, and since each [offense] caused a distinguishable kind of harm, the [C]ourt was entitled to aggregate the fines on each count without limitation." *Ramirez–Amaya*, 812 F.2d at 817 (internal quotations omitted). Thus, petitioner's argument fails.[4]

## CONCLUSION

The Court has reviewed and has considered the arguments raised in petitioner's papers as well as the response of the Assistant United States Attorney. The Court is not unsympathetic to the petitioner's plight. Nonetheless, the drug problem is one that Congress has chosen to address at all levels. The need for general deterrence is particularly strong in this area. Moreover, defendant has presented no information that was not before the Court at the time of sentence. The Court has balanced the hardship to petitioner with the need for general deterrence and adheres to its original determination that the sentence imposed upon petitioner is appropriate. Petitioner's rehabilitation is properly a matter for the parole authorities to consider.

Petitioner's application for a writ of habeas corpus is denied. 28 U.S.C. § 2255 (1988).

SO ORDERED.

---

1. The evidence adduced at trial reveals that petitioner engaged in proscribed conduct through March 1986. *See Ramirez–Amaya*, 812 F.2d at 815. Petitioner's proscribed conduct, therefore, occurred as late as one year *after* the acts for which the defendant was convicted in *DiTommaso*. In *DiTommaso*, the Second Circuit Court of Appeals upheld a 20–year sentence under the same sentencing statute applicable to petitioner. *See DiTommaso*, 817 F.2d at 214.

2. Subject to specified exceptions that are not applicable to the instant petition, section 235(a)(1) of the Act delayed the effective date of chapter II until "the first day of the first calendar month beginning twenty-four months after the date of enactment." 1984 U.S.C.C.A.N. (98

Stat.) at 2031. Given that the Act was enacted on October 12, 1984, this rendered November 1, 1986 the general effective date of chapter II.

3. In addition, section 225(a)(3) of the Act, 1984 U.S.C.C.A.N. (98 Stat.) at 2030, repealed 21 U.S.C. § 960(c) (1982) which had addressed solely the matter of special parole terms.

4. The Court further notes that under 28 U.S.C. § 2255, "[t]he sentencing court [is] not ... required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. Given that the instant application is petitioner's fourth collateral attempt to reduce his sentence, this constitutes an alternative ground for denying petitioner's motion.